PAWTUCKET BAKING COMPANY *vs.* THE RHODE ISLAND COMPANY.

JUNE 19, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Negligence. Rear End Collision. Electric Railway.*

In an action on the case for negligence, arising out of a collision of defendant's car with the rear of plaintiff's covered wagon, while being driven on the car track at about 9:30 P. M., the testimony showed that no bell was rung, but the record did not show whether or not plaintiff looked to the rear for approaching cars, or the rate of speed of the car at the street crossing, or the

distance from the wagon at which the motorman first saw it on the straight track of a quarter of a mile, or that any effort was made to stop the car or whether the head light was burning:—

*Held*, that from the record the accident appeared to be the result of the reckless act of the motorman in running down plaintiff's wagon which was lawfully on the highway at that time and place.

TRESPASS ON THE CASE for negligence.    Heard on exceptions of defendant and overruled.

BLODGETT, J.   On February 15, 1906, plaintiff's servant, Henry W. Pierce, was driving a covered baker's wagon belonging to plaintiff on Pawtucket avenue, in the Town of East Providence, going in a northerly direction, about nine o'clock at night.   The night was clear, but dark, with no snow on the ground.   When about half way between East Providence Centre and the White Church, on Pawtucket avenue, the wagon was struck by defendant's car, was badly damaged, its contents destroyed, and the horse seriously injured.   Plaintiff brought suit to recover damages for the injury to its property aforesaid, and the case was tried to a jury in the Superior Court.

The defendant introduced no evidence and the jury returned a verdict for plaintiff in the amount of $299.70.   The defendant duly filed a motion for a new trial upon the grounds stated in said motion, which motion was denied, and the case is now before this court on exceptions to the decision of the Superior Court denying said motion.

The amount of damages is not disputed by the defendant, its contention being solely that plaintiff's servant was not in the exercise of due care at the time of the collision.   As the defendant introduced no testimony, the plaintiff's evidence on the questions of negligence and contributory negligence is undisputed.

The form of action is trespass on the case for negligence, and the single count of the declaration alleges that it was the duty of the defendant "to warn persons upon its tracks, particularly after night-fall, of the approach of its said cars, either by ringing or sounding a gong, whistle or some other equivalent method; and it was further the duty of said defendant corpora-

tion to abstain from running into with its said cars any persons using said highway in a lawful manner upon the day aforesaid."

The testimony of the plaintiff's driver, Pierce, was uncontradicted as to certain matters, viz.: (p. 3) "Q. 31. Was there any bell sounded by the car behind you?  A. No, sir." (p. 5) "Q. 34. Are there any cross-roads anywhere near the point where this accident took place?  A. Yes, sir.  Q. 35. What, describe it to the jury what there is.  A. A cross-road that goes right across the avenue.  Q. 36. How far from the place where the accident occurred?  A. Well, almost right where the road is."  (p. 6)  "Q. 46. What did you say was the reason why you were occupying the car track?  A. The road was awful, ruts on the other side, so it drove me into the track.  Q. 47. What is the condition of the track, say both towards Pawtucket and towards East Providence center for a quarter of a mile from the point of the accident, as to straightness?  A. It is straight."

(1)    Inasmuch as the defendant offered no defence we thus have presented affirmative testimony showing that the defendant's car collided with the rear of the plaintiff's covered wagon while being driven on the car track at about 9:30 P. M., and that no bell was rung to give warning of the approaching car.  The record is silent as to whether the plaintiff looked or did not look to the rear for approaching cars, as it is silent as to the rate of speed of the car at the street crossing in question, the distance from the wagon at which the motorman first saw the wagon on this unbroken stretch of straight track of a quarter of a mile, as also it fails to show that the motorman made any, even the slightest, effort to stop the car at any time or even whether his headlight was burning or not.  So far as appears from this record in which the defendant has not seen fit to offer any explanation of the cause of the accident, it appears to have been a reckless act of the motorman in simply running down, from the rear, the plaintiff's wagon which was lawfully on the highway at that time and place, without notice or warning of any kind.

We have carefully examined the several exceptions presented

in the bill of exceptions and overrule them all. The trial justice was clearly right in his instructions and in his refusals to instruct the jury and the defendant's exceptions being thus overruled the case is remitted to the Superior Court for the entry of judgment upon the verdict.

*James L. Jenks,* for plaintiff.

*Joseph C. Sweeney, G. Frederick Frost,* for defendant.